**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 15-50515 |
| Plaintiff-Appellee, | D.C. No. 3:12-cr-05236-GPC-1 |
| v. | |
| MARK ANTHONY LOPEZ, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Gonzalo P. Curiel, District Judge, Presiding

Submitted December 7, 2016[**]
Pasadena, California

Before: CALLAHAN, BEA, and IKUTA, Circuit Judges.

Mark Anthony Lopez pleaded guilty to and was convicted of conspiracy to

commit securities fraud in violation of 18 U.S.C. § 1349. At sentencing, the

district court conducted restitution proceedings under the Mandatory Victims

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Restitution Act, 18 U.S.C. § 3663A. Lopez appeals the district court's restitution order. We affirm.

Lopez's argument that the government failed to present evidence that his actions caused the losses to the shareholders fails. First, the government presented evidence that the volume of Unico stock increased tenfold due to Lopez's fraud and the price of the stock decreased tenfold. The district court did not abuse its discretion in inferring causation based on the fact that the extent of the dilution of Unico stock during the conspiracy period is exceptionally close, proportionally, to the decrease in share price over the same period.

Second, there is evidence that the "spikes in trading volume" were directly tied to the conspiracy. The government's expert explained that these "spikes in volume" corresponded to a decline in price, which indicated "that there's a dilution of shares; that there are so many more shares in the market, that the market maybe possibly cannot sustain a higher share price."

Third, Lopez has failed to identify any countervailing facts that would undercut the theory that Lopez's fraudulent actions caused the drop in share price. Neither Lopez nor his expert identified any specific, probative evidence of facts other than the dilution of Unico stock during the conspiracy period, that could

make the district court's determination regarding the cause of the damaging decrease in investors' stock prices unreasonable.

**AFFIRMED.**